UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CHRISTOPHER M. THOMAS,<br><br>Defendant. | CRIMINAL NO. 3:25-CR-22<br><br>(MEHALCHICK, J.) |

**MEMORANDUM OPINION**

Before the Court is a motion to dismiss the indictment for failure to state an offense and for lack of jurisdiction filed by Defendant Christopher M. Thomas. (Doc. 25). Thomas was charged with one count of driving under the influence of a controlled substance and one count of vehicular homicide while driving under the influence, both pursuant to the Assimilative Crimes Act ("ACA"), occurring on June 27, 2024. (Doc. 1). The Government opposes the motion to dismiss. (Doc. 29). The motion is fully briefed and ripe for disposition. For the following reasons, the Court will **DENY** Thomas's motion to dismiss the indictment. (Doc. 25).

I. **LEGAL STANDARD**

Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure authorizes a defendant to move to dismiss an indictment for "a defect in the indictment or information," which includes a "lack of specificity" or a "failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B). To assess the sufficiency of an indictment, a court must consider Rule 7 of the Federal Rules of Criminal Procedure. "An indictment is sufficient under Rule 7 if it: (1) contains the elements of the offense intended to be charged; (2) sufficiently apprises the defendant of what he must be

prepared to meet; and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." *United States v. Philip*, No. CR 23-16-4, 2024 WL 4729472, at *1 (E.D. Pa. Nov. 8, 2024) (citing *United States v. Kemp*, 500 F.3d 257, 280 (3d Cir. 2007) (quoting *United States v. Vitillo*, 490 F.3d 314 (3d Cir. 2007))). "[A] defendant may also claim that an indictment fails to state an offense on the basis that 'the specific facts alleged … fall beyond the scope of the relevant criminal statute, as a matter of statutory interpretation.'" *United States v. Stock*, 728 F.3d 287, 292 (3d Cir. 2013) (quoting *United States v. Panarella*, 277 F.3d 678, 685 (3d Cir. 2002)). In assessing a motion to dismiss an indictment, district courts must not weigh the sufficiency of the evidence and instead are required to "accept[ ] as true the factual allegations set forth in the indictment." *United States v. Bergrin*, 650 F.3d 257, 265 (3d Cir. 2011) (quoting *United States v. Besmajian*, 910 F.2d 1153, 1154 (3d Cir. 1990)).

## II.   DISCUSSION

Thomas is charged with two counts under the Assimilative Crimes Act ("ACA"). At issue before the Court is the interplay between the ACA (18 U.S.C. § 13(a)), 75 Pa. Cons. Stat. Ann. § 3802(d)(1)(ii) and 75 Pa. Cons. Stat. Ann. § 3735(a)(1), Pennsylvania state laws regulating traffic and the use of vehicles, and Part 4 of Chapter I of Title 36 of the Code of Federal Regulation, or 36 C.F.R. § 4.2, which regulates traffic and the use of vehicles within a federal park area. According to Thomas, the "ACA is used to fill gaps in federal law. But here there is no gap." (Doc. 26). As Thomas sees it, 36 C.F.R. § 4.2(a) displaces the need to invoke the ACA and Pennsylvania state law. (Doc. 26, at 12). The Government, however, maintains that Thomas is properly prosecuted under the ACA. (Doc. 29, at 4). Specifically,

the Government asserts that: "there is no federal law that makes punishable Thomas's homicide by vehicle while DUI. And, even if the regulation proffered by Thomas did punish his conduct, that regulation does not preclude application of Pennsylvania's homicide by vehicle while DUI statute." (Doc. 29, at 5).

"The ACA's basic purpose is one of borrowing state law to fill gaps in the federal criminal law that applies on federal enclaves." *Lewis v. United States*, 523 U.S. 155, 160 (1998). "Under the ACA, if conduct prohibited by state law occurs on federal land, the state criminal law is assimilated into federal law so long as that conduct is not already made punishable by any 'enactment of Congress.' In other words, the ACA fills gaps in the law applicable to federal enclaves . . ." *United States v. Hall*, 979 F.2d 320, 322 (3d Cir. 1992) (internal citation omitted); *see* 18 U.S.C. § 13. "It follows that if the conduct is already prohibited by federal law, a prosecution for a state law violation through application of the ACA is inappropriate." *Hall*, 979 F.2d at 322. To determine whether a state statute is to be assimilated under the ACA, the Court must determine "(1) whether the defendant's conduct is made punishable by any enactment of Congress; and, if so (2) whether the federal statute or regulation that applies to the defendant's conduct precludes application of the state law in question." (Doc. 29, at 5) (citing *Lewis*, 523 U.S. at 164). Relevant here, "a federal regulation is an 'enactment of Congress' for ACA purposes." *United States v. McGrath*, 700 F. Supp. 3d 233, 240 (M.D. Pa. 2023) (quoting *United States v. Hall*, 979 F.2d 320 (3d Cir. 1992)).

According to Thomas, his conduct is punishable under federal regulations detailed in 36 C.F.R. § 4.2, which were promulgated by the Secretary of the Interior and relate to vehicles and traffic safety in areas within the jurisdiction of the National Parks Service. (Doc. 26, at

3

2). Thus, Thomas argues that his conduct is made punishable by an enactment of Congress such that application of the state law is precluded. 36 C.F.R. § 4.2 provides:

> (a) Unless specifically addressed by regulations in this chapter, traffic and the use of vehicles within a park area are governed by State law. State law that is now or may later be in effect is adopted and made a part of the regulations in this part.
> (b) Violating a provision of State law is prohibited.

Through the ACA, Thomas is charged with violating 75 Pa. Stat. and Cons. Stat. Ann. § 3802(d)(l)(ii) (Count I) and 75 Pa. Stat. and Cons. Stat. Ann. § 3735(a)(l) and (2) (Count II).

75 Pa. Stat. and Cons. Stat. Ann. § 3802(d)(l)(ii) provides:

> (d) An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:
>
>> (1) There is in the individual's blood any amount of a:
>>
>>> (ii) Schedule II or Schedule III controlled substance, as defined in The Controlled Substance, Drug, Device and Cosmetic Act, which has not been medically prescribed for the individual.

75 Pa. Stat. and Cons. Stat. Ann. § 3735(a)(l) and (2) state:

> Homicide by vehicle while driving under influence.
>
> (a) Offense defined.--
>
>> (1) A person who unintentionally causes the death of another person as the result of a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) and who is convicted of violating section 3802:
>>
>>> (i) is guilty of a felony of the second degree; or
>>>
>>> (ii) is guilty of a felony of the first degree if, before sentencing on the present violation, the person has incurred a conviction, adjudication of delinquency, juvenile consent decree, acceptance of Accelerated Rehabilitative Disposition or other form of preliminary disposition for any of the following:
>>>
>>>> (A) An offense under section 3802.

>> (B) An offense under former section 3731 (relating to driving under influence of alcohol or controlled substance).
>
> (C) An offense which constitutes a felony under this subchapter.
>
> (D) An offense substantially similar to an offense under clause (A), (B) or (C) in another jurisdiction.
>
> (E) Any combination of the offenses under clause (A), (B), (C) or (D).
>
> (2) The sentencing court shall order a person convicted under paragraph (1)(i) to serve a minimum term of imprisonment of not less than three years. A consecutive three-year term of imprisonment shall be imposed for each victim whose death is the result of a violation of section 3802.

The Court first turns to Count II, which charges Thomas with homicide by vehicle while driving under the influence. Despite Thomas's suggestion otherwise, 36 C.F.R. § 4.2 does not specifically account for the charges detailed in Count II. Instead, 36 C.F.R. § 4.2 is a "'catch-all provision' pertaining only to traffic and 'rules of the road' offenses." *United States v. Baker*, 683 F. Supp. 3d 432, 437 (M.D. Pa. 2023) (quoting *United States v. Fox*, 60 F.3d 181, 185 (4th Cir. 1995)). Thomas points to this provision to assert that Pennsylvania's homicide by vehicle while driving under the influence statute has been adopted into federal law. (Doc. 26, at 7); This is not so. As articulated by the Government, "Pennsylvania's homicide by vehicle while DUI statute, [] is a narrower, more specific statute directed [at] a particular evil: killing someone with your car while driving under the influence." (Doc. 29, at 7). 36 C.F.R. § 4.2 "uniformly penalizes all state traffic/vehicle violations that occur in park areas." The Court finds that homicide by vehicle while driving under the influence is a much more serious offense than those contemplated by 36 C.F.R. § 4.2. Other courts have similarly concluded as much for the offense of fleeing a police officer while under the influence. *See McGrath*, 700 F.

5

Supp. 3d at 240-41; *see also* Baker, 683 F. Supp. 3d at 436; *United States v. Hope*, No. 3:09-CR-00039-1, 2010 WL 2405354, at *1 (W.D. Va June 10, 2010), *aff'd* 408 F. App'x 695 (4th Cir. 2011). The Court finds these cases comparable to the charges outlined here in Count II. The offenses outlined in 75 Pa. Stat. and Cons. Stat. Ann. § 3735(a)(l) and (2) "go well beyond the rules of traffic and the use of vehicles encompassed within [section] 4.2." *Baker*, 683 F. Supp. 3d at 436. Therefore, this Court concludes that the ACA is properly used to assimilate 75 Pa. Stat. and Cons. Stat. Ann. § 3735(a)(l) and (2) and Thomas's charge in Count II is not punishable by an enactment of Congress, or the regulation put forward by Thomas. Thomas's motion to dismiss Count II of the Indictment is **DENIED**. (Doc. 25).

As for Count I, which is brought under the ACA and 75 Pa. Stat. and Cons. Stat. Ann. § 3802(d)(l)(ii), the Government "agrees that the Pennsylvania statute in Count I is adopted in section 4.2(a)," and thus the penalties for conviction should be taken from the regulations as set forth in 36 C.F.R. § 1.3. (Doc. 29, at 12). While the Indictment omits citations to 36 C.F.R. § 1.3 and 4.2, this is not a basis for dismissal under Rule 7(c)(2) of the Federal Rules of Criminal Procedure. Rule 7(c)(2) is clear: "[u]nless the defendant was misled and thereby prejudiced, neither an error in a citation nor a citation's omission is a ground to dismiss the indictment or information or to reverse a conviction." Here, it is clear that Thomas was "adequately apprised of the charges" and the elements of Count I are identical to "the crime that would have been charged had there been a citation to section 4.2(a)" such that dismissal is not warranted under Rule 7(c)(2). *Hall*, 979 F.2d at 323; (Doc. 29, at 12). Thomas's motion to dismiss Count I of the Indictment is therefore **DENIED**. (Doc. 25).

## III.   CONCLUSION

For the foregoing reasons, Thomas's motion to dismiss the indictment for failure to state an offense and for lack of jurisdiction is **DENIED**. (Doc. 25).

An appropriate Order follows.

BY THE COURT:

Dated: July 10, 2025

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**