UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CRIMINAL NO. 3:25-CR-22 |
| CHRISTOPHER M. THOMAS, | (MEHALCHICK, J.) |
| Defendant. | |

**MEMORANDUM**

Before the Court is a request for an additional ruling on the motion to dismiss the indictment filed by Defendant Christopher M. Thomas ("Thomas") (Doc. 25) on the alternative grounds that the Assimilative Crimes Act ("ACA") is void for vagueness when used to assimilate 75 Pa. Cons. Stat. Ann. § 3735(a)(1) into federal law, subjecting Thomas to higher penalties. (Doc. 37). On July 10, 2025, this Court issued a Memorandum and Order denying Thomas's Motion to Dismiss Indictment for Failure to State an Offense and for Lack of Jurisdiction. (Doc. 35; Doc. 36). According to Thomas, this Memorandum failed to consider Thomas's argument that the ACA is vague as applied to Thomas in this matter. (Doc. 37). On August 12, 2025, the Government filed additional briefing addressing this issue. (Doc. 43). On August 19, 2025, Thomas filed a supplemental brief. (Doc. 44). Accordingly, this matter is ripe for review.

I. **LEGAL STANDARD**

Rule 12(b)(3)(B) of the Federal Rules of Criminal Procedure authorizes a defendant to move to dismiss an indictment for "a defect in the indictment or information," which includes a "lack of specificity" or a "failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B). To assess

the sufficiency of an indictment, a court must consider Rule 7 of the Federal Rules of Criminal Procedure. "An indictment is sufficient under Rule 7 if it: (1) contains the elements of the offense intended to be charged; (2) sufficiently apprises the defendant of what he must be prepared to meet; and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." *United States v. Philip*, No. CR 23-16-4, 2024 WL 4729472, at *1 (E.D. Pa. Nov. 8, 2024) (citing *United States v. Kemp*, 500 F.3d 257, 280 (3d Cir. 2007) (quoting *United States v. Vitillo*, 490 F.3d 314 (3d Cir. 2007))). "[A] defendant may also claim that an indictment fails to state an offense on the basis that 'the specific facts alleged . . . fall beyond the scope of the relevant criminal statute, as a matter of statutory interpretation.'" *United States v. Stock*, 728 F.3d 287, 292 (3d Cir. 2013) (quoting *United States v. Panarella*, 277 F.3d 678, 685 (3d Cir. 2002)). In assessing a motion to dismiss an indictment, district courts must not weigh the sufficiency of the evidence and instead are required to "accept[ ] as true the factual allegations set forth in the indictment." *United States v. Bergrin*, 650 F.3d 257, 265 (3d Cir. 2011) (quoting *United States v. Besmajian*, 910 F.2d 1153, 1154 (3d Cir. 1990)).

II. **DISCUSSION**

At issue here is Thomas's charge for driving while under the influence under 75 Pa. Cons. Stat. Ann. § 3735(a)(1), which this Court previously decided is properly assimilated into federal law by the ACA. "The ACA's basic purpose is one of borrowing state law to fill gaps in the federal criminal law that applies on federal enclaves." *Lewis v. United States*, 523 U.S. 155, 160 (1998). "Under the ACA, if conduct prohibited by state law occurs on federal land, the state criminal law is assimilated into federal law so long as that conduct is not

already made punishable by any 'enactment of Congress.' In other words, the ACA fills gaps in the law applicable to federal enclaves . . ." *United States v. Hall*, 979 F.2d 320, 322 (3d Cir. 1992) (internal citation omitted); *see* 18 U.S.C. § 13. "It follows that if the conduct is already prohibited by federal law, a prosecution for a state law violation through application of the ACA is inappropriate." *Hall*, 979 F.2d at 322. To determine whether a state statute is to be assimilated under the ACA, the Court must determine "(1) whether the defendant's conduct is made punishable by any enactment of Congress; and, if so (2) whether the federal statute or regulation that applies to the defendant's conduct precludes application of the state law in question." (Doc. 29, at 5) (citing *Lewis*, 523 U.S. at 164). Relevant here, "a federal regulation is an 'enactment of Congress' for ACA purposes." *United States v. McGrath*, 700 F. Supp. 3d 233, 240 (M.D. Pa. 2023) (quoting *United States v. Hall*, 979 F.2d 320 (3d Cir. 1992)). The Court concluded that Thomas was properly charged for driving under the influence under the ACA, which assimilated 75 Pa. Cons. Stat. Ann. § 3735(a)(1) into federal law.

According to Thomas, "the ACA is unconstitutionally vague when it is used to assimilate 75 Pa. Cons. Stat. Ann. § 3735(a)(1) into federal law, subjecting Thomas to higher penalties." (Doc. 44, at 1). Thomas explains:

> [B]efore the ACA's penalties may be applied, ordinary people must be able to understand there is a gap for the ACA to fill according to a clearly pronounced standard that does not invite arbitrary enforcement. As best demonstrated by the government's contradictory position on the application of the ACA to its two charges, both predicated upon the same conduct, purportedly involving "traffic and the use of vehicles" (leaving no gap) in one instance but not the other (leaving a gap), the application of the ACA is too unpredictable and arbitrary to afford Due Process here.
>
> (Doc. 44, at 6-7).

Under the Fifth Amendment "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." As explained by the Supreme Court, "the Government violates this guarantee by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement." *Johnson v. United States*, 576 U.S. 591, 595 (2015) "A statute is void on vagueness grounds if it: (1) 'fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits'; or (2) 'authorizes or even encourages arbitrary and discriminatory enforcement.'" *United States v. Amirnazmi*, 645 F.3d 564, 588 (3d Cir. 2011) (quoting *United States v. Stevens*, 533 F.3d 218, 249 (3d Cir. 2008)) (quoting *Hill v. Colorado*, 530 U.S. 703, 732 (2000)). "One to whose conduct a statute clearly applies may not successfully challenge it for vagueness." *Parker v. Levy,* 417 U.S. 733, 756 (1974). "[T]he Court has invalidated two kinds of criminal laws as 'void for vagueness': laws that *define* criminal offenses and laws that *fix the permissible sentences* for criminal offenses." *Beckles v. United States*, 580 U.S. 256, 262 (2017).

Here, the parties do not dispute that Thomas had notice that the conduct he has been charged with is prohibited by law. (Doc. 43, at 5; Doc. 44, at 2). Thomas specifically takes issue with the ACA's assimilation of 75 Pa. Cons. Stat. Ann. § 3735(a)(1) into federal law, which subjects Thomas to higher penalties. (Doc. 44, at 1). Thomas argues "before the ACA's penalties may be applied, ordinary people must be able to understand there is a gap for the ACA to fill according to a clearly pronounced standard that does not invite arbitrary enforcement." (Doc. 44, at 6-7). The Government asserts, "Thomas cannot claim he did not have fair notice that killing someone while driving under the influence of methamphetamine

4

could be punishable with significant penalties, such as the three to ten years' imprisonment provided for under section 3735, simply because his case was charged in federal rather than state court." (Doc. 43, at 6). Thomas asserts that both "lack of notice and potential for arbitrary enforcement concerns the severity *of the penalty attached* to the prohibited conduct[,]" in this case and that no ordinary person would be on notice that they could be subject to higher penalties due to the ACA's interactions with the Pennsylvania law and the federal statute, 36 C.F.R. § 4.2. (Doc. 44, at 3, 5). Thomas concludes "the application of the ACA is too unpredictable and arbitrary to afford Due Process." (Doc. 44).

To survive a vagueness challenge in the criminal context, a statute need only put a defendant on notice of the prohibited conduct and be clear enough as to not permit arbitrary and discriminatory enforcement. *Amirnazmi*, 645 F.3d at 588. Pennsylvania law, as assimilated through the ACA, does that. Indeed, "[i]n the criminal context since vagueness attacks are based on lack of notice, they may be overcome in any specific case where reasonable persons would know their conduct puts them at risk of punishment under the statute." *Amirnazmi*, 645 F.3d at 588. "Criminal statutes need only give 'fair warning that certain conduct is prohibited' to survive constitutional challenges." *Amirnazmi*, 645 F.3d at 588 (quoting *San Filippo v. Bongiovanni,* 961 F.2d 1125, 1138 (3d Cir. 1992)). It is undisputed that Thomas was on notice that he was breaking the law. (Doc. 44, at 2) (stating "Thomas does not claim he lacked notice that the conduct of which he has been accused was prohibited; he concedes that 75 Pa. Cons. Stat. Ann. § 3802(d)(1)(ii) and 75 Pa. Cons. Stat. Ann. § 3735(a)(1) provide adequate notice"); *see United States v. Harris*, 144 F.4th 154, 166-67 (3d Cir. 2025).

Relying on the United States Supreme Court decision in *Johnson v. United States*, Thomas argues that an ordinary person would not understand they could be subject to a more severe punishment when state law is assimilated into federal law under the ACA. The Court finds this argument uncompelling. In *Johnson*, the Supreme Court held that imposing a higher sentence on a criminal defendant under the Armed Career Criminal Act's ("ACCA") residual clause violates due process. 576 U.S. 591 (2015). The residual clause at issue defined a violent felony as a crime involving a use or threat of physical force or "is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." 576 U.S. at 594. The *Johnson* Court reasoned that given this "serious potential risk" language, "the residual clause leaves grave uncertainty about how to estimate the risk posed by a crime," and that the clause "leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony." 576 U.S. at 597-98. Here, there is no uncertainty that driving while under the influence of drugs is a serious offense that incurs serious penalties. Whereas the *Johnson* Court was concerned with the arbitrary decision making surrounding how much "risk" was required to make a crime a violent felony under the ACCA, here there is no ambiguity surrounding whether driving under the influence of drugs is a crime properly assimilated under the ACA and thus subject to higher penalties under the statute. The *Johnson* Court took issue with the need for courts to "judge an imagined abstraction," to interpret whether a crime poses a "serious potential risk." 576 U.S. at 598. Here, no such interpretation is needed, as Pennsylvania's driving under the influence statute is clear about what conduct is prohibited, and the penalties designated by the ACA are unambiguous. 75 Pa. Stat. and Cons. Stat. Ann. § 3735(a)(l); 18 U.S.C. § 13(a). Further, the

ACA itself is clear that when "conduct prohibited by state law occurs on federal land, the state criminal law is assimilated into federal law so long as that conduct is not already made punishable by any enactment of Congress. *United States v. Hall*, 979 F.2d 320, 322 (3d Cir. 1992) (internal citation omitted); *see* 18 U.S.C. § 13. Thus, the ACA is not unconstitutionally vague when used to assimilate 75 Pa. Cons. Stat. Ann. § 3735(a)(1) into federal law, even though this assimilation subjects Thomas to higher penalties.

### III.  CONCLUSION

For the foregoing reasons, Thomas's motion to dismiss the indictment for failure to state an offense and for lack of jurisdiction is properly **DENIED**.

An appropriate Order follows.

**BY THE COURT:**

Dated: September 15, 2025

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**