UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**  :

                                   :    No. 3:25-CR-00022

         v.               :

                                   :    (Judge Mehalchick)

**CHRISTOPHER THOMAS**,     :

                                   :    Electronically filed

           Defendant.     :

## <u>GOVERNMENT'S SENTENCING MEMORANDUM</u>

Two brothers decided to take an evening ride on their Harleys through the Delaware Water Gap National Recreation Area. Though they had done so many times before, this would be their last ride together. Defendant Christopher Thomas decided to get high on methamphetamine and drive his car through the Delaware Water Gap. Several cars stopped in the middle of the road to let deer cross. The brother-motorcyclists stopped as well. Thomas, high on meth, and with at least 400 feet of visibility, didn't stop. Nor did he slow down. Rather, Thomas rammed full speed into the back of one of the motorcyclists, killing him. Thomas now comes before this Court for sentencing. No sentence will bring the decedent back. But the sentence can and must reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence

1

to criminal conduct. The Government respectfully recommends that the Court should look toward the top of the guideline range to achieve those sentencing goals in this case.

## I.    Law

Since the Sentencing Guidelines Manual's 2025 revision, federal criminal sentencing involves a two-step process. The Court first determines the defendant's guideline range by addressing any objections to the PSR. Then the Court determines the appropriate sentence after considering any arguments for a variance and the sentencing factors delineated in 18 U.S.C. § 3553(a). Here, there are no objections to the PSR, which puts Thomas's guideline imprisonment range at 46 to 57 months based on a total offense level of 19 and a criminal history category of IV.

Section 3553(a) draws the Court's attention to several factors in fashioning an appropriate sentence, including: the nature and circumstances of the offense; the defendant's history and characteristics; the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment for the offense; the need for the sentence imposed to

afford adequate deterrence to criminal conduct, to protect the public from future crimes of the defendant, and provide the defendant with necessary medical care in the most effective manner; and the need to avoid unwarranted sentence disparities.

## II.    Sentencing Factors

The nature and circumstances of this offense are straightforward but extremely serious. On June 27, 2024, two vehicles traveling southbound on U.S. State Route 209 in the Delaware Water Gap National Recreation Area came to a stop in the southbound lane to let deer cross the road. Two men on motorcycles also came to a stop behind the first two vehicles. PSR ¶ 5.

Thomas was operating his vehicle and came around a corner toward the two cars and two motorcycles stopped in the middle of the lane. There was approximately 400 feet of sight distance between Thomas and the parked vehicles. Thomas did not stop his vehicle and continued to travel approximately 47 miles per hour in the southbound lane. He struck a man on one of the motorcycles and continued to crash into one of the other stopped vehicles. The man's body left the seat of his motorcycle and came to a final rest on the left side in the center of

State Route 209 double yellow line. He was pronounced dead at the scene. PSR ¶ 6.

Thomas consented to a blood draw following the incident. The toxicology report revealed 47 ng/ml of amphetamine and 790 ng/ml of methamphetamine in his blood. PSR ¶ 7. A subsequent review of the black box recorder in Thomas's vehicle revealed he did not apply his brakes from the time he turned the corner to at least .5 seconds prior to impact with the motorcycle. PSR ¶ 8.

Aside from intentional homicide, then, the nature and circumstances of this homicide case could not be more serious. Protecting life is a chief end of the criminal law, law enforcement, and criminal justice system in this country. DUI investigations and prosecutions are an example of this. Americans are taught from a young age, when you drink alcohol or use controlled substances and decide to get behind the wheel of a vehicle, you're putting your own life and the life of everyone else on the road at risk. This case provides one of many tragic examples.

Thomas's history and characteristics similarly weigh toward a top of the guideline sentence. Thomas has a nontrivial criminal history

involving convictions for using/possessing drug paraphernalia, driving on a suspended license, resisting arrest, grand theft, petit theft, dealing in stolen property, resisting a merchant and speeding. PSR ¶¶ 26-32. In addition, the subsequent history of these convictions reveals several probation violations and revocations, resulting in further imprisonment on multiple violations. Thomas has three additional arrests that did not result in convictions. In other words, numerous interactions with the criminal justice system and serving meaningful jailtime on multiple occasions was not enough to deter Thomas from engaging in the serious criminal conduct in this case. A significant sentence, then, will reflect Thomas's poor criminal history and work toward promoting meaningful deterrence. More importantly, a significant sentence will protect the public from further crimes of the defendant. A long series of state sentences and probation violations did not protect the public from Thomas's criminal conduct, which resulted in the death of a man in this case. Significant prison time will protect the public in this case, for Thomas will not be able to drive on the public roadways and in our public parks while incarcerated.

A significant sentence will also avoid unwarranted sentencing disparities. A review of several Pennsylvania state sentences for DUI homicide reveals courts often impose significant prison time on defendants in these cases. *See, e.g., Commonwealth v. Galette*, No. 2988 EDA 2025, 2026 WL 1803658, at *1 (Pa. Super. Ct. June 23, 2026) (six to 15 years' imprisonment for driver under the influence of PCP who crashed into another car, killing the driver); *Commonwealth v. Collins*, 564 Pa. 144, 146 (2001) (consecutive sentences of three to seven years imprisonment for homicide by vehicle/DUI, two to five years imprisonment for homicide by vehicle and one to two years imprisonment for recklessly endangering another person, for intoxicated driver who killed passenger of his car and serious injured another passenger); *Commonwealth v. Silay*, 694 A.2d 1109, 1110 (Pa. Super. Ct. 1997) (consecutive sentences of three and one-half to seven years' incarceration for homicide by vehicle while driving under the influence of alcohol and six to twenty-four months incarceration for recklessly endangering another person, for intoxicated driver who killed a 16-year-old on his bike).

For these reasons, the Government respectfully urges the Court to look toward the top of the guideline range in this case when fashioning an appropriate sentence for the defendant. A significant sentence will reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and afford adequate specific and general deterrence to criminal conduct.

Date: July 20, 2026                Respectfully submitted,

                                   BRIAN D. MILLER
                                   United States Attorney


                        By:   */s/ Kyle A. Moreno*
                              KYLE A. MORENO
                              Assistant United States Attorney
                              William J. Nealon Federal Bldg.
                              235 North Washington Ave., Ste. 311
                              Scranton, Pennsylvania 18503
                              T: (570) 348-2800
                              F: (570) 348-2037
                              kyle.moreno@usdoj.gov
                              Attorney ID PA 333669

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.  On July 20, 2026, he served a copy of the enclosed:

## GOVERNMENT'S SENTENCING MEMORANDUM

by ECF filing upon Elliot A. Smith, Esq., counsel for defendant.

*/s/ Kyle A. Moreno*
KYLE A. MORENO
Assistant United States Attorney

8